**WO**                                                                                         LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Flores, | No. CV 05-3681-PHX-JAT (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Chandler Police Dep't, et al., | |
| Defendants. | |

Plaintiff, currently confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to § 1983. The Court will order that the action be served on Defendants Chandler Police Department, Chandler Police Commissioner and Officer Quiroz, and that the remaining Defendants (Badge ## 00465, 00539, 00425 and 00550) be dismissed without prejudice.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court

1 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
2 28 U.S.C. § 1915(b)(2).

3     Plaintiff should take notice that if he is released before the filing fee is paid in full, he
4 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
5 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
6 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
7 he is unable to pay the remainder of the filing fee.

8 **B.**     <u>**Statutory Screening of Prisoner Complaints**</u>.

9     The Court is required to screen complaints brought by prisoners seeking relief against
10 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
11 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
13 may be granted, or that seek monetary relief from a defendant who is immune from such
14 relief. 28 U.S.C. § 1915A(b)(1),(2).

15 **C.**     <u>**Complaint**</u>.

16     Plaintiff's action primarily concerns the use of excessive force in his arrest. He sues
17 the City of Chandler Police Department, the Police Commissioner in his official and
18 individual capacities, and five police officers identified by their badge numbers (#00524,
19 #00465, #00539, #00425, and #00550) in their official and individual capacities.

20     Plaintiff's factual allegations, however, concern only one of those officers: Rod
21 Quirino, Badge #00524. According to Plaintiff, Officer Quirino illegally entered his
22 apartment with his weapon drawn and put him and his children in danger. Quirino falsely
23 claimed that Plaintiff's girlfriend had given her consent to enter the apartment. Quirino
24 arrested Plaintiff, ordered him to lay on the ground, and kicked him in the back and chest
25 area. Plaintiff's injuries required medical attention.

26     Plaintiff complained to Quirino that he was going to report Quirino's illegal actions
27 to his supervisor. Quirino, to retaliate, falsely claimed that Plaintiff possessed a knife.
28 Quirino allegedly made the statement at the hospital after Plaintiff had been seen, so

1  Quirino's statement presumably was offered as a justification for the use of force against
2  Plaintiff and not testimony against Plaintiff at trial.

3  It is unclear at this juncture whether Plaintiff's arrest is the basis for his present
4  incarceration and specifically, whether there are pending charges or a conviction as a result
5  of the arrest. Plaintiff's request for relief includes an award of $500,000. At this early
6  juncture, Plaintiff adequately states a claim against Officer Quirino in his individual capacity,
7  and he will be required to answer the Complaint. The remaining Defendants, however, will
8  be dismissed without prejudice because Plaintiff fails to state a claim against them, as
9  explained next.

*1. Municipal liability*

Plaintiff sues the City of Chandler Police Department, the Police Commissioner in his official capacity, and five police officers in their official capacities. When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). In this case, that entity is the City of Chandler.

A municipality like the City of Chandler may not be held liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dept. of Soc. Servs., 436 U.S. 658, 688-89 (1978). In their official capacities, "officials can be held liable under § 1983 if they act as "lawmakers or . . . those whose edicts or acts may fairly be said to represent official policy." Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell, 436 U.S. at 694). The entity may also be liable when its custom played a part in the violation of federal law. Kentucky, 473 U.S. at 166.

For a § 1983 claim, the plaintiff must show that action pursuant to official municipal policy caused a constitutional tort. Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004). In other words, the action alleged to be unconstitutional must implement a policy officially adopted by the municipality. Miranda v. City of Cornelius, ___ F.3d ___, 2005 WL

3071541, at *8 (9th Cir. Nov. 17, 2005) (citing Scofield v. City of Hillsborough, 862 F.2d 759, 765 (9th Cir. 1988). Plaintiff alleges that the City of Chandler "designed and produced rules and regulations which violated my civil rights," that the Police Commissioner "enforces rules and regulations which violates my civil rights, and that the each police officer "enforces and conducts rules and regulations which violates my civil rights." (Compl. at 2.) A plaintiff's factual allegations must be sufficient to raise at least an inference regarding the elements of the claim. Hearns v. Terhune, 413 F.3d 1036, 1043 (9th Cir. 2005). Plaintiff's bare assertion that rules and regulations violated his civil rights do not raise an inference that Officer's Quirino's conduct (which is the conduct that allegedly violated his civil rights) was the implementation of a policy or custom of the city. Accordingly, Plaintiff fails to state a claim against the city and the official capacity defendants.

*3. Individual capacity claims (except Officer Quirino)*

Plaintiff also sues the Police Commissioner and Chandler Police Officers Badge #00465, 00539, 00425, and 00550 in their individual capacities. These officials are subject to suit under § 1983 only if "they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). The sole allegation in Plaintiff's Complaint is that "All defendants acted in concert to violate my civil rights." (Compl. at 3.)

Conclusory allegations of a conspiracy are insufficient. See Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (explaining the requirements of a conspiracy claim under § 1983); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (we need not "accept as true allegations that are merely conclusory, deductions of fact, or unreasonable inferences), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (stating that conclusory allegations of conspiracy do not support a § 1983 claim). Plaintiff has not alleged what any of these defendants did to act in a conspiracy to deprive him of his constitutional rights. Accordingly, they will be dismissed without prejudice.

1   **D.**   **Warning of Possible Dismissal Pursuant to Rule 41.**

2         Plaintiff should take notice that if he fails to timely comply with every provision of
3 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
4 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
5 61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
6 Court), cert. denied, 506 U.S. 915 (1992).

7   **IT IS THEREFORE ORDERED that:**

8         (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted
9 pursuant to 28 U.S.C. § 1915(a)(1).

10         (2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
11 Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in
12 accordance with this Court's Order to the appropriate government agency filed concurrently
13 herewith.

14         (3) Defendants Chandler Police Department, Chandler Police Commissioner, and
15 Chandler Police Officers Badge #00465, 00539, 00425, and 00550 are dismissed without
16 prejudice.

17         (4) Defendant Rod Quirino (Badge #00524) will be required to answer the Complaint.

18         (5) The Clerk of Court shall send Plaintiff a service packet including the Complaint
19 (Dkt. #1), this Order, and both summons and request for waiver forms for Defendant Quirino.

20         (6) Plaintiff shall complete and return the service packet to the Clerk of Court within
21 20 days of the date of filing of this Order. The United States Marshal will not provide
22 service of process if Plaintiff fails to comply with this Order.

23         (7) If Plaintiff does not either obtain a waiver of service of the summons or complete
24 service of the Summons and Complaint on the Defendant within 120 days of the filing of the
25 complaint or within 60 days of the filing of this Order, whichever is later, the action may be
26 dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
27 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

28

(8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other

motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(14) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(15) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(16) This matter is referred to Magistrate Lawrence O. Anderson pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 23rd day of November, 2005.

_____
James A. Teilborg
United States District Judge

TERMPSREF

- 7 -